[Civ. No. 6087. Fourth Dist. Mar. 15, 1961.]

EAST NILES COMMUNITY SERVICES DISTRICT, Respondent, v. LEOLA G. PEARSON et al., Appellants.

T. R. Claflin, Gordon A. Drescher and Peckinpah & Hamlin for Appellants.

Baker, Palmer, Wall & Raymond for Respondent.

GRIFFIN, P. J.—This is an action by the East Niles Community Services District, a political subdivision of the State of California, to acquire for public use, by proceedings in eminent domain, an easement for pipeline purposes and the ownership in fee of a parcel of land for a tank site. Defendants Pearson, Johnston, Lake, Griggs, Reid and Watkins were the owners of 19/20ths of the land affected by the proceeding, and defendant Bradley, as administrator of the estate of Ethel B. Bradley, deceased, owned the remaining undivided 1/20th interest therein.

The tank site consisted of a parcel 250 feet by 250 feet, or approximately 1½ acres. As described in the original complaint, the right-of-way easement for pipeline purposes consisted of a strip of land contiguous to the tank site, 12 feet in width and approximately 180 feet in length. This was the description of the easement contained in the resolution of the board of directors of the East Niles Community Services District determining that the acquisition was necessary for public purposes.

Approximately one week after filing the complaint, the plaintiff district obtained an order for immediate possession and completed the construction and installation of the tank and pipeline connected thereto.

At the outset of the trial of the action, counsel for plaintiff district obtained a leave of court to amend the complaint by increasing the width of the easement from 12 feet to 30 feet. No resolution passed by the board of directors of said district determining that such an increase in the width of the easement was required for public use was ever offered in evidence or filed in the action, and counsel for the defendants in the trial court objected to the amendment. The real property affected by this proceeding is located to the southeast of Bakersfield

Country Club and is a part of a larger parcel consisting of 120 acres. The parties agreed that the highest and best use of the property is for potential subdivision. All of the defendants in the trial court contended in their answers to the complaint that severance damages would be sustained by reason of the taking of the property involved. The trial was before the court without a jury. An interlocutory judgment was entered in favor of the plaintiff, condemning for its use the property described in the complaint and in the amendment to the complaint, and awarded defendants $2,000 for the fee of real property taken (250 x 250-foot tank site) and the easement over the 30-foot strip of unused country land containing about 12/100ths of an acre, which was already burdened with a power line easement. The pipe crossing that strip connected with another main pipeline of plaintiff district. Five hundred dollars severance damage, plus interest and costs, were also included in the final order thereafter made.

The vital question raised on this appeal involves the sufficiency of the evidence to support the judgment and particularly as to the allowance of the amendment of the complaint increasing the size of the easement taken from a 12-foot strip to a 30-foot strip without proof of authorization for such additional taking by the board of directors of plaintiff district declaring the necessity for such additional land.

The record discloses that defendants not only objected to the amendment on the ground there was a variance between the pleadings and the proof, but also objected to the introduction in evidence of the original resolution of the board of directors, which only authorized taking an easement in the 12-foot strip. Several other attempts were made to impress the court with the fact that defendants were objecting to proceeding without further proof that the board of directors had authorized the taking of an easement for the remaining portion of the strip to conform to the amendment. The objections were, in effect, overruled.

Plaintiff, in support of the judgment, now relies on *Kern County Union High School Dist.* v. *McDonald*, 180 Cal. 7 [179 P. 180], as being conclusive on this question. That case goes no further than to state that an amendment is permissible for the purpose of including other property in an amended complaint, but in that case a second resolution of the board of trustees was then adopted and received in evidence and it called for a condemnation of *all* of the properties sought to be condemned by the complaint as amended. There was no

such action here indicated and the case relied upon by plaintiff supports the contention that such action was necessary to support the amendment and judgment that followed.

 Under the act providing for the formation and operation of community services districts, such as plaintiff district, Government Code, sections 61100 et seq., and particularly section 61200 thereof, each district shall have a board of three or five directors and it is the governing body of the district (Gov. Code, § 61300), and the powers of the district shall be exercised by the board (Gov. Code, § 61301) and it shall act only by ordinance, resolution or motion (Gov. Code, § 61223). A majority of the board shall constitute a quorum and no ordinance, resolution or motion shall be passed or become effective without the affirmative votes of at least a majority of the members of the board. A district formed under this law may exercise certain powers and may take and acquire real property within or without the district by condemnation pursuant to eminent domain proceedings. (Code Civ. Proc., pt. 3, tit. 7; Gov. Code, §§ 61610, 61622; see also Code Civ. Proc., §§ 1241 and 1244, subd. 3.)

It therefore appears that before any move is made to condemn property it must be the result of a majority vote of the members of the board of directors and defendant here had the right to challenge the authority of counsel for plaintiff in proceeding to condemn a strip of property not contained in the original authority authorizing such condemnation. No authority to condemn that extra strip here appears and it is fairly well conceded in the briefs that no such additional authority was obtained.

 While there may be sufficient evidence to justify the finding that condemnation of the tank property and the 12-foot strip was authorized for the purposes indicated, the trial court's judgment was not so separated, but included the value of the fee *and* the 30-foot easement. This extra strip had but little value ($50 to $100) according to the appraisers. The trial court properly indicated to the parties that this and other items were so insignificant that it did not warrant the cost of a contested trial of the action and suggested that a settlement be made, but none was forthcoming. The same suggestion was here made, without result. Accordingly, the entire judgment must be reversed.

Several other points involving the admission of evidence of expert witnesses involving value of the land taken and the question as to whether interest should run on the judgment

awarded are raised. Since the trial court erred in rendering judgment in the absence of additional proof of the adoption of a resolution in reference to the remaining portion of the 30-foot strip, it will not be necessary to determine these questions at this time.

Judgment reversed. In the interests of justice, each party to bear own costs on appeal. (Rule 26 (a), Rules on Appeal.)

Shepard, J., and Coughlin, J., concurred.

A petition for a rehearing was denied April 13, 1961.